```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

ALEXANDER P. MHLANGA            ]
     Plaintiff,                 ]
                                ]
v.                              ]    No. 3:14-0579
                                ]    Judge Campbell
C/O BABANZADEH, et al.          ]
     Defendants.                ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Babanzadeh, a guard at the Correctional Development Center (CDC) in Nashville, and the CDC Administration, seeking damages.

On December 17, 2013, the plaintiff noticed that an orange was missing from his "heart healthy lunch sack". When he complained to Officer Babanzadeh about it, he was told to shut up. Apparently, the plaintiff continued to complain about the missing fruit and, as a result, he was taken to an "isolation box" before he could finish his meal.

The plaintiff believes that he has been made to suffer cruel and unusual punishment because Officer Babanzadeh was disrespectful to him, he missed his meal, and he was placed in isolation for complaining about it.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). Thus, Officer Babanzadeh did not violate the plaintiff's rights by telling him to shut up.

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

According to the complaint, the plaintiff missed only one meal. He was not charged with a disciplinary infraction and was apparently placed in isolation for only a short period of time. These circumstances does not suggest in any way that the plaintiff was abused or denied the necessities that the county is required to

provide him. Therefore, the complaint does not contain factual allegations from which one could infer that the plaintiff has been made to suffer cruel and unusual punishment.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge